CITY OF CINCINNATI, APPELLEE, *v.* BILLING, APPELLANT.

74

(No. C-870419—Decided
September 21, 1988.)

*Richard A. Castellini,* city
solicitor, *Terrence R. Cosgrove,* city
prosecutor, and *Frank H. Prouty, Jr.,*
for appellee.
*Douglas W. Thomson,* for ap-
pellant.

*Per Curiam.* This cause came on to
be heard upon the appeal from the
Hamilton County Municipal Court.

The city contends that the defen-
dant Ricky C. Billing[1] ("appellant")
failed to comply with an order of the
building inspector to "[t]ake down and
remove illegally installed satellite dish
antenna or submit plans and obtain
proper permit for same."[2] The com-
plaint herein was filed, the defendant
entered his plea of not guilty and he
then moved the court to dismiss the
charge against him on the basis that
the regulation of the conduct sought to
be controlled by the ordinance (Cincin-
nati Municipal Code Section 503.10[C])
upon which the order of the building in-
spector was based had been preempted
by an order of the Federal Communica-
tions Commission adopted January 14,
1986. That order is now found in Sec-
tion 25.104, Title 47, C.F.R.

The trial court overruled the mo-
tion to dismiss the charge following
which the appellant withdrew his plea

of not guilty and entered a plea of no
contest. The trial court found him guil-
ty, imposed sentence and stayed execu-
tion pending this appeal.

The solitary error assigned on ap-
peal is the overruling of appellant's
motion that the complaint against him
be dismissed. For the reasons herein-
after explicated we find the assign-
ment to be meritorious.

The record available to this court
to review the proceedings of the trial
court has not facilitated our review.
Although, in the proceedings on the
motion to dismiss, the appellant caused
to be identified and elicited testimony
relative to defendant's exhibits 6, 5, 9,
11 and 21, none of said exhibits is in
the record transmitted to this court.
Likewise, the appellee in its case iden-
tified and elicited testimony relative to
its exhibits 2, 3, and 4; none of those
exhibits is in the record before us. The
transcript does not reflect that the ex-
hibits were offered or received in evi-
dence. We are therefore relegated to
an examination of a deficient record in
the determination of this appeal.

The appellant was aware, ap-
parently, that he was charged with
violation of a building order that was
based on the provision of Cincinnati
Municipal Code Section 503.10(C). As
previously noted, the building order is
not contained in the record, and
neither the complaint nor the affidavit
upon which it is based makes reference
to the subject ordinance. However, in
his motion to dismiss appellant made
specific reference to Section 503.10(C)
of the Cincinnati Municipal Code. The
ordinance which is involved is not in
the record.[3] The municipal code section

---

[1] The defendant was so named in the
complaint but in other papers in the record
he is named as Rick Billing, Ricky Billing,
or Rick C. Billing.

[2] Affidavit (undated) of Herbert Curry.
The building order itself is not in the
record.

[3] During a colloquy involving the trial
judge, counsel and the appellant, the prose-
cutor stated, "[h]ere is a copy of the or-
dinance. It is going to be an exhibit." As
noted, the ordinance is not an exhibit in the
case on review.

contains only the restrictions on the height, placement and minimum distance from property lines of "a parabolic satellite TV reception antenna."[4] The code section does not contain any statement of the considerations that moved the city council to adopt the ordinance.

On oral argument, counsel for appellee conceded that the section of the municipal code did treat satellite television reception antennas in a manner that differed from other television antennas. Therefore, under the provisions of the federal regulation, the federal government has preempted this area of concern.[5] The federal order grants an exemption from such preemption if the local regulation meets two conditions.

The first of such conditions is that the local regulation "[h]ave a reasonable and clearly defined health, safety or aesthetic objective." The record before this court is devoid of any competent evidence of the legislative intent, purpose or objective in the enactment of the local ordinance. The prosecution had the burden of proof that the local ordinance was exempted from the federal preemption. The prosecution called but one witness in opposition to the appellant's motion to dismiss. That witness was the head of the zoning section of land use of the City Planning Department of the city of Cincinnati. His testimony on direct examination identified the following: the staff report establishing or proposing the regulation of satellite dish antennas (State's Ex. No. 2); the councilmanic motion requesting the city administration to consider ways to regulate the dishes (State's Ex. No. 3); and extracts from a technical report written by the American Planning Association (State's Ex. No. 4). As previously noted, none of these exhibits is contained in the record before this court for review. The rest of this witness's direct testimony is hearsay which, even though not the subject of objection, is not worthy of any weight. Cross-examination of this witness made clear the absence of any personal knowledge of this witness on the subject of the reasonable and clear definition of the required objectives.

In like manner, the record does not contain evidence showing that the effect of the ordinance does not violate the second condition of exemption from preemption. See fn. 5, *supra.*

The city has failed to submit evidence that its ordinance is exempted from the federal preemption of the regulation of satellite receive-only antennas. Therefore, the ordinance seeking to impose such regulation is invalid and the court erred in failing to dismiss the complaint.

---

[4] It should be noted, to avoid confusion, that the foregoing statement is derived from the brief of the appellant and not from any exhibit in the case.

[5] Section 25.104, Title 47, C.F.R. provides:

"Section 25.104 Preemption of local zoning of earth stations

"State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations

"(a) Have a reasonable and clearly defined health, safety or aesthetic objective; and

"(b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment.

"Regulation of satellite transmitting antennas is preempted in the same manner except that state and local health and safety regulation is not preempted."

The assignment of error is sustained. The judgment appealed from is reversed and the appellant is discharged.

*Judgment reversed.*

BLACK, P.J., DOAN and KLUSMEIER, JJ., concur.